55-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5442 | **DATE** | 2/21/2001 |
| **CASE TITLE** | Harris, et al. vs. Patel, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. This Court orders that this case be remanded to the Circuit Court of DuPage County.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 22 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 8 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 01 FEB 21 PM 3:36 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BECKY HARRIS and STEPHEN HARRIS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 00 C 5442 |
| v. | ) | |
| | ) | |
| DEVESH PATEL and GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) | Judge George M. Marovich |
| | ) | |
| Defendants. | ) | |
| | ) | |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BECKY HARRIS and STEPHEN HARRIS, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

DOCKETED
FEB 2 2 2001

MEMORANDUM OPINION AND ORDER

Plaintiff/Counter-Defendant Stephen Harris ("Stephen") was injured when his bicycle was struck by an automobile. Defendant/Counter-Plaintiff Great-West Life & Annuity Insurance Company ("Great-West"), an ERISA welfare benefit plan, paid out $6,581.12 toward Stephen's medical care. Stephen, through his mother Becky Harris, as parent and natural guardian of him (collectively "the Harrises"), filed suit in the Circuit Court of

the Eighteenth Judicial Circuit, Du Page County, against the driver of the car and accepted a settlement in the amount of $27,500.00. Subsequently, the Harrises filed a Motion to Adjudicate Liens Against the Estate of a Minor in the Circuit Court of DuPage County. (<u>Becky Harris, as parent and natural guardian of Stephen Harris, a minor v. Devesh V. Patel</u>, Case No. 99 L 195). Through that motion, the Harrises sought to have the settlement declared free and clear of all liens. Great-West removed the matter to this Court seeking to invoke ERISA as the basis for removal under the principles of preemption. Great-West then filed a counterclaim requesting equitable enforcement of the subrogation terms of its benefits plan and now moves for summary judgment. For the reasons set forth below, this Court sua sponte remands this action to the state court for lack of subject matter jurisdiction.

Great-West removed this matter pursuant to 28 U.S.C. § 1441(b), which covers "[a]ny civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties or laws of the United States." The only "civil action" was the tort suit brought by the Harrises against the driver, "which assuredly did not arise under the Constitution, treaties, or laws of the United States.

Not even the most expansive reading of ERISA covers motor vehicle collisions, just because part of the recovery may inure to the benefit of a plan." Blackburn v. Sundstrand Corp., 115 F.3d 493, 494 (7th Cir.). The motion to adjudicate the liens, which is the pleading Great-West attempted to remove, "invoked the ancillary jurisdiction of the state court and was part of that original, non-removable action." Id. Therefore, this Court need not even address Great-West's ERISA preemption arguments, as this case is not a "civil action . . . arising under the Constitution, treaties or laws of the United States," and this Court does not have subject matter jurisdiction over it.[1] 28 U.S.C. § 1441(b). Accordingly, this Court orders that this case be remanded to the Circuit Court of DuPage County.

ENTER:

GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: 2/21/01

---

[1] The Seventh Circuit in Blackburn did go on to explore other jurisdictional issues including ERISA preemption by assuming there was a "civil action." Blackburn, 115 F.3d at 495-96. However, they did so only in dicta and their holding remained clear that no "civil action" existed. Id. at 494-95. Therefore, this Court need not discuss any additional jurisdictional issues, including ERISA preemption.